IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ABRIAL GOEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-cv-00218 |
| | ) | |
| KEITH T. DELK, ET AL., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions ("Motions"). The first is the motion for summary judgment (Doc. No. 20, "Plaintiff's Motion") filed by Plaintiff, Abrial Goen, and the second is the motion for summary judgment (Doc. No. 23 "Defendants' Motion") filed Defendants, Keith T. Delk ("Delk") and Insequence, Inc. ("Insequence").

Plaintiff's Motion is supported by an accompanying memorandum of law (Doc. No. 21, "Plaintiff's Memorandum"), various exhibits (Doc. Nos. 20-1 – 20-19), and a statement of facts, which is comprised of 92 purportedly material and undisputed facts (Doc. No. 22, "Plaintiff's Statement of Facts"). Defendants, Delk and Insequence (collectively, "Defendants"), have filed a response (Doc. No. 34) in opposition to Plaintiff's Motion, and a response to Plaintiff's Statement of Facts (Doc. No. 35). Plaintiff has filed a reply (Doc. No. 37) in further support of Plaintiff's Motion.

Defendants' Motion is supported by an accompanying memorandum of law (Doc. No. 24. "Defendants' Memorandum"); various exhibits (Doc. Nos. 26-1– 26-3); a statement of facts that is comprised of 35 purportedly material and undisputed facts (Doc. 25, "Defendants' First

Statement of Facts"); and a second statement of facts[1] (Doc. No. 36. "Defendants' Second Statement of Facts"), which is comprised of another 17 purportedly material and undisputed facts (hereinafter, the Court refers to Defendants' First Statement of Facts and Defendants' Second Statement of Facts collectively as "Defendants' Statement of Facts"). Plaintiff has filed a response (Doc. No. 32) in opposition to Defendants' Motion and responses to Defendants' Statement of Facts (Doc. Nos. 33 and 38). Defendants have filed a reply (Doc. No. 39) in further support of Defendants' Motion.

For the reasons discussed herein, the Court will deny the Motions and this dispute will proceed towards a bench trial.

BACKGROUND

The instant action arises out of events concerning the alleged wrongful actions of Insequence and Delk. (Doc. No. 1). Plaintiff brings claims for (alleged) direct breach of fiduciary duty against Delk (Count I) (Doc. No. 1 at ¶¶ 86-91), derivative breach of fiduciary duty against Delk (Count II) (*id.* at ¶¶ 92-103), oppressive conduct against Delk (Count III) (*id.* at ¶¶ 104-107), breach of contract against Insequence (Count IV) (*id.* at ¶¶ 108-113), breach of the covenant of

---

[1] Notably, the 2020 version of the Local Rules—the iteration of the Local Rules in effect at the time that Defendants filed their Motion—allowed non-movants to provide "a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried" as part of the "non-movant's response [to the movant's statement of facts.]" 2020 LR 56.01(c)(3). The Court discerns that Defendants' Second Statement of Facts is not the type of statement contemplated by LR 56.01(c)(3), because it was filed not in response to Plaintiff's Motion but rather as additional support for Defendants' Motion.

The Court so concludes for two reasons. First, Defendants' Second Statement of Facts was not filed in compliance with LR 56.01(c)(3). Notably the 2020 Local Rules plainly contemplate non-movants filing a statement of *disputed* facts—not a statement of "undisputed facts," which is what Defendants filed via their (i.e., Defendants') Second Statement of Facts. Second, in Defendants' Second Statement of Facts, Defendants affirmatively state that they filed the additional facts in order to provide "additional facts in support of *their* Motion for Summary Judgment." (Doc. No. 36 at 1 (emphasis added)).

In its discretion, the Court elects to consider Defendants' Second Statement of Facts for purposes of ruling on Defendants' Motion. However, Defendants and their counsel should take note that if they wanted the Court to consider additional allegedly undisputed facts for that purpose, Defendants should have filed a motion for leave to file such (alleged) undisputed facts.

good faith and fair dealing against Insequence (Count V) (*id.* at ¶¶ 114-117), and procurement of breach of contract against Delk (Count VI) (*id.* at ¶¶ 118-120). Now, via the Motions, Plaintiff contends that she is entitled to summary judgment on all of her claims (Doc. No. 20 at 1), while Defendants contend that they are entitled to summary judgment on all of Plaintiff's claims. (Doc. No. 23 at 1).

LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transp. Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248), *abrogated on other grounds by Young v. United Parcel Serv.*, 575 U.S. 206 (2015). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018). The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Alternatively, the moving

party may meet its initial burden by otherwise "show[ing]"—even without citing materials of record—that the nonmovant "cannot produce admissible evidence to support the [existence of a material] fact," Fed. R. Civ. P. 56(c)(1)(B), for example, the existence of an element of a nonmovant plaintiff's claim. If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[2] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322).

Any party asserting that a fact cannot be or genuinely is disputed (*i.e.*, any party seeking summary judgment and any party opposing summary judgment, respectively) can support the assertion either by: (a) citing to materials in the record, including, but not limited to, depositions, documents, affidavits, or declarations, Fed. R. Civ. P. 56(c)(1)(A), or (b) "showing" (i) that the adverse party cannot produce admissible evidence to raise a genuine dispute as to that fact or (ii) that contrary to the claim of the adverse party, the materials cited by the adverse party do not actually establish the absence or presence (as the case may be) of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1)(B).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020) (citing *Anderson*, 477 U.S. at 248). Likewise, the "court should view the facts and draw all

---

[2] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact. This Court does likewise herein.

reasonable inferences in favor of the non-moving party." *Pittman*, 901 F.3d at 628 (citing *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

A defendant-movant cannot meet its initial burden on motion for summary judgment merely by *claiming* that the plaintiff lacks evidence and essentially challenging the plaintiff to show otherwise; a defendant-movant must—by pointing to materials of record or otherwise—*show* (presumptively, subject to the plaintiff's response) that the plaintiff could not prove his claim by a preponderance. *See* Fed. R. Civ. P. 56(c)(1).[3] In other words, the defendant-movant must produce evidence *tending to show* (though not necessarily *conclusively showing*) that the plaintiff cannot raise a genuine issue as to any material fact.[4] *Nickols v. Morris*, 705 F. Supp. 2d 579, 584–85 (N.D.

---

[3] The undersigned rejects cases that have indicated otherwise. *See, e.g.*, *O.M.A., S.r.l. v. Simon DeYoung Corp.*, No. 1:10CV0861, 2013 WL 7210503, at *3 (N.D. Ohio Mar. 12, 2013) ("[A summary judgment] movant in federal court is not required to . . . provide evidence to show that his opponent has no evidence"), *R&R adopted in part, rejected in part on other grounds*, No. 1:10 CV 00861, 2014 WL 587171 (N.D. Ohio Feb. 14, 2014); *Goldcorp, Inc. v. United States*, No. 00-75043, 2002 WL 551042, at *6 (E.D. Mich. Mar. 27, 2002) ("At any rate, even if [the] affidavit were altogether stricken from the record, it appears that the Government still would be entitled to summary judgment in its favor. After all, this affidavit has been provided merely to prove a negative: namely, that there is no evidence that the IRS ever received the protective claim allegedly sent by Plaintiff on or before September 15, 1995. Presumably, then, the Government could have simply asserted this proposition in its brief, and left it to Plaintiff to introduce evidence calling this issue into question.").

[4] Notably, a defendant-movant typically can show that there is no genuine issue as to any material fact by showing that there is no genuine issue as to the existence of a fact (usually, the element of a claim) that absolutely needs to exist for the plaintiff to prevail. If the defendant-movant can make this showing, all

Tex. 2010) ("The party moving for summary judgment has the initial burden of informing the Court of the basis for his motion and producing evidence which tends to show that no genuine issue as to any material fact exists and that he is entitled to judgment as a matter of law."), *aff'd*, 419 F. App'x 534 (5th Cir. 2011).

"The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." *New Century Found. v. Robertson*, 400 F. Supp. 3d 684, 689 (M.D. Tenn. 2019) (citing *Ferro Corp. v. Cookson Group, PLC*, 585 F.3d 946, 949 (6th Cir. 2009)). "[S]ummary judgment in favor of either party is not proper if disputes remain as to material facts. . . . [T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). "In addition, if the moving party will bear the burden of persuasion at trial, then that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." *Timmer v. Michigan Dep't of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997) (citing *Celotex Corp.*, 477 U.S. at 322-23); *see also Ely v. Dearborn Heights Sch. Dist. No. 7*, 150 F. Supp. 3d 842, 849-50 (E.D. Mich. 2015) (explaining that if the moving party bears the burden of proof at trial that party "must satisfy both the initial burden of production on the summary judgment motion—by showing that no genuine dispute exists as to any material fact—and the ultimate burden of persuasion on the claim—by showing that it would be entitled to a directed verdict at trial." (citing William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1992))).

---

other facts become immaterial (because the plaintiff necessarily will suffer summary judgment anyway), and thus it can be said that the plaintiff (being unable to show a genuine issue as to *one* material fact) cannot raise a genuine issue as to *any* material fact.

Ordinarily, when considering a motion for summary judgment, such as the instant Motions, the Court would begin its analysis by identifying those material facts not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law. However, the Court will eschew that approach here for two reasons. First, the Court finds that it is justified in denying the Motions based solely on the length of the statements of fact filed respectively by each party (Doc. Nos. 22, 25, and 36, "Statements of Fact"). Second, and alternatively, the Court in its discretion finds that it would be more efficient to deal with all contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary to dispose of the Motions.

## I. Length of the Statements of Fact

The 2020 version of the Local Rules (hereinafter "2020 Local Rules," "2020 Local Rule" or "2020 LR")—the iteration of the Local Rules in effect at the time that the parties filed their Motions—provides various rules regarding what a movant bringing a motion for summary judgment should do in bringing their motion. As relevant here, 2020 Local Rule 56.01(b) provides that "any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 must be accompanied by a separate, *concise* statement of the material facts as to which the moving party contends there is no genuine issue for trial." (emphasis added).[5]

This Court previously analyzed 2020 Local Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack

---

[5] The Court will refer herein to the statement of facts contemplated by 2020 Local Rule 56.01(b) as a "Rule 56.01 statement."

thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed April 9, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed April 9, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed April 9, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely, "no longer than necessary." From all of this, the Court believes that when the Local Rule calls for a "concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which

there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a somewhat and seemingly very broad standard, inasmuch as the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law inasmuch as the notion of "might affect the outcome of a lawsuit" is of unclear and debatable boundaries.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. In a recent version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors note:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it tends to resolve any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail. On the other hand, a factual issue that is not necessary to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016). Although these observations are perhaps of some help in grasping the notion of "material fact," the reality is that the precise boundaries of what constitutes a "material fact" remain obscure. And a summary judgment movant cannot be faulted for making a colorable (even if debatable) assertion that all statements included in its Rule 56.01 statement are statements of material fact.

And if a fact *is* material—if its existence or non-existence will affect the outcome of the lawsuit—then the party including it in its Rule 56.01 statement cannot be blamed for including it, because it *should* be included precisely because its existence or non-existence will affect the outcome of the lawsuit. So the inclusion of a (purported) material fact is, by definition, always appropriate—because the existence or non-existence of them is precisely what the Court needs to determine in order to determine the outcome of a case (or a summary judgment motion). What's more, *true* material facts are precisely the things specifically contemplated for inclusion in a Rule 56.01 statement, and the Court sees no basis for excluding any one of them on the grounds that there are too many of them.

But a statement of fact included in a Rule 56.01 statement should be excluded if it is (i) not a statement of *fact* at all or (ii) a statement of fact but not properly considered a statement of *material* fact. Nevertheless, in the Court's experience, summary judgment movants often include statements that fall within these two categories (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden variety "relevant" fact and a fact that is material. The problem with including statements falling within the second category is not merely academic, but rather has very real world consequences. As to *any* statement of fact in the Rule 56.01 statement, the court—having received a clear representation

that the statement of fact is in fact material—naturally needs to assess *how* (if at all) the fact is material. The effort that goes into this assessment (statement by statement by statement) can be significant, and whatever effort is thus made on a particular statement of fact ultimately proves to have been wasted if the statement turns out not actually to have been material in the first place. For a busy district court, such waste of judicial resources is intolerable, and the use of the kind of Rule 56.01 statements that foster such waste should be deterred in the manner that the Court is deterring it herein in this particular case.

There is, however, a corollary (or a logical conclusion) to the Court's observations about just what constitutes a *material* fact that shows how a summary judgment movant really can hurt its chances on summary judgment by including purported material facts beyond those that are the actual (purported) material facts. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, a movant for summary judgment (be it a defendant or a plaintiff) must remove every genuine issue of material fact to be granted summary judgment. To do so, the movant must "show[] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant at summary judgment must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial—*i.e.*, as to each and every material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* rather than *more* material facts, the movant persuades the court that the movant has less it needs to achieve—fewer alleged facts to show as not needing a trial to prove or disprove—in order to be granted summary judgment. Conversely, to the extent that a movant posits *more* material facts, the possibility increases that the court will deny the motion for summary judgment based on the existence of a genuine issue as to any single one of what the movant itself

has called the material facts. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid inviting the court to place upon the movant the burden of showing the truth of more facts than are necessary (i.e., the burden of showing the truth of certain immaterial facts as well as all material facts).

So summary judgment movants have every incentive to minimize to the fullest possible (ethical) extent, in their presentation to the Court, the number of material facts. But unfortunately, often they seem not to realize this.

With the analysis from *McLemore* (repeated in large part verbatim just above) in mind, the Court discerns that there are two critical defects with respect to Plaintiff's Statement of Facts and Defendants' Statement of Facts, so as to call for denial of both Motions.

First, the Court discerns that the Statements of Fact are not nearly *concise* as required by 2020 Local Rule 56.01(b). Even a brief review of the Statements of Fact filed by the parties reveals numerous purportedly material facts that in the view of the Court (1) are not factual assertions at all and/or (2) are entirely immaterial because (a) the existence or non-existence of those facts would have no effect whatsoever on the outcome of the lawsuit and (b) determining whether those facts exist certainly is not necessary to the Court's decision on the instant Motions.

For example, as it relates to Plaintiff's Statement of Facts, the fact numbered "3" merely describes the nature of Insequence's business. (Doc. No. 22 at ¶ 3). And the facts numbered "5" and "6" merely state the roles of Delk and Anthony Westbrook. (*Id.* at ¶¶ 5-6). At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how these purportedly material facts (in addition to several other particular facts throughout the Plaintiff's

Statement of Facts) are even arguably material to the claims pending in the case at bar. Further, as it relates to Defendants' Statement of Facts, the fact numbered "19" in Defendants' First Statement of Facts sets forth not a *statement* of *fact*, but rather the *non-factual conclusion* that "[s]alary and dividend distribution are not the same thing." (Doc. No. 25 at ¶ 19). And the facts numbered "27-33" in Defendants' First Statement of Facts are not statements of fact, but rather assertions that Plaintiff has failed to "provide" certain facts. (*Id.* at ¶¶ 27-33).

For purposes of illustration, the Court will more closely examine the fact numbered 27 ("Fact 27") in Defendants' First Statement of Facts, which is a representative example of the facts numbered 28-33 in Defendants' First Statement of Facts. Fact 27 states that "Plaintiff has not provided facts tending to prove that Westbrook lacked the capacity to enter into any agreement with Delk." (*Id.* at ¶ 27). That statement is not a statement of *fact* at all; still less is it a statement of fact regarding the underlying events surrounding Plaintiff's claims, which is obviously the kind of facts contemplated by Rule 56.01.[6] Instead, that statement is an assertion of an analytical conclusion regarding a legal issue in the case.

---

[6] Even if it could reasonably be considered a statement of fact, it would be a statement regarding the facts concerning *what (supposedly) has not happened during the litigation of this case*, rather than a statement regarding the facts concerning *the circumstances underlying Plaintiff's claims*—which are the only kinds of facts appropriate for inclusion in a Rule 56.01 statement. But even if the former kind of statement potentially could be appropriate for inclusion in a Rule 56.01 statement, Fact 27 still would be inappropriate for inclusion because it is irrelevant.

To see why, one naturally might start with the beginning of the text of Fact 27: "Plaintiff has not provided facts tending to prove that . . . ." But it is not probative of anything that Plaintiff has not "provided facts," especially since there is an indication neither of the context in which (or to whom) Plaintiff did not "provide facts" nor of any reason why Plaintiff was obligated to provide facts, prior to the filing of Defendants' motion for summary judgment, to whomever Plaintiff was supposed to "provide facts." And the Court does not perceive any reason why Plaintiff, in order to avoid summary judgment, was obligated to "provide facts" (to the Court or Defendants) prior to the filing of Defendants' Motion for summary judgment. As discussed above, a defendant-movant cannot meet its initial burden on a motion for summary judgment merely by *claiming* that the plaintiff lacks evidence and essentially challenging the plaintiff to show otherwise. *See* Fed. R. Civ. P. 56(c)(1). It follows that it is not enough (or even probative at all) for a defendant-movant to say that the plaintiff has not "provided facts" (or provided evidence), because the plaintiff up to that point was under no obligation whatsoever to do so; there had not yet been any occasion for the plaintiff to "provide facts" (or provide evidence) to the Court.

A statement of undisputed material facts is not the place to advance legal arguments or analytical conclusions. Rather it is the place to assert facts (regarding the circumstances surrounding the plaintiff's claims, as opposed to facts regarding what has and has not happened during the litigation) that can be used to support legal arguments *elsewhere*. And this distinction is not merely academic; rather, it is crucial that the distinction be observed by the filing party lest the statement of facts fail to serve its purpose, i.e., helping the Court efficiently identify undisputed material facts regarding the circumstances surrounding the claims as to which the filer seeks summary judgment.

If Defendants wanted to use their Rule 56.01 statement to make hay on the issue of Westbrook's capacity, what they should have done was: (i) make the statement that Westbrook had capacity to enter into an agreement with Delk; (ii) cite evidence supporting that proposition (so as to shift the burden to Plaintiff to raise a genuine dispute about Westbrook's capacity; and (iii) explain elsewhere (in their briefing) the significance of the asserted fact that Westbrook had the capacity to enter into an agreement with Delk. This is the way to do what Defendants needed to do here, namely (a) show (presumptively, subject to Plaintiff's response) that Westbrook had capacity to enter into an agreement with Delk; and (b) explain why the (asserted) fact that Westbrook had capacity to enter into an agreement with Delk was something that supported Defendants' request for summary judgment. But Defendants did not do this.

Notably, and as suggested above, the facts numbered 28-33 in Defendants' First Statement of Facts contain the same flaws that the Court just discussed regarding Fact 27.

All of this leads the Court to conclude, consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, that the Statements of Fact—because they include facts that are plainly not *material* and/or not facts at all—are not *concise* as required

by 2020 Local Rule 56.01(b) and are thus in violation of 2020 Local Rule 56.01(b). This violation of 2020 Local Rule 56.01(b) alone provides the Court with a basis to deny the Motions. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local Rules); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

And even if the Court were to conclude that the Statements of Fact were concise as required by 2020 Local Rule 56.01(b)—i.e., if the Court accepted that each of the facts included in the Statement of Facts was actually a fact that is material—this would not save the Motions. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett* make clear that in order to obtain summary judgment, a movant (in this case both Plaintiff and Defendants, respectively) must "show[] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) to be resolved at trial and the facts the parties assert are material must be supported by evidence.

Here, Plaintiff contends that there are *92* material facts and Defendants contend that there are *52* material facts. So, under the parties' own theories, Plaintiff must show *that there is no genuine dispute as to any* of her 92 (purportedly) material facts in order to be entitled to summary judgment, and Defendants must show *that there is no genuine dispute as to any* of their 52 (purportedly) material facts in order to be entitled to summary judgment. If even *one* of their (purportedly) material facts is in genuine dispute, then it would follow (under the parties' own theory) that they are *not* entitled to summary judgment. By the Court's count, Defendants dispute

(in whole or in part) more than ten of the facts in Plaintiff's Statement of Facts, (Doc. No. 35), and Plaintiff disputes more than 30 of the facts in Defendants' Statement of Facts, (Doc. Nos. 33 and 38).[7] Given not just the plethora of (purportedly) material facts that the parties have submitted along with their Motions, but also the sheer number of these facts that the parties contend are in fact *in genuine dispute*, it seems statistically likely that the parties will not be able to show that all of their (purportedly) material facts are *not* in genuine dispute so as to be entitled to summary judgment, and this provides a further justification for denying the Motions.

To the extent that the reader (or the parties) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny the Motions: the parties in this action were ordered to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary judgment movant's statement of undisputed material facts. Indeed, the Court provided in its order setting this case for trial (Doc. No. 16):

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

---

[7] In coming up with these numbers—i.e., in ascertaining which (purported) facts are genuinely disputed—the Court recognizes that a genuine dispute can be raised in one of the two ways: either by (1) citing evidence tending to show that the fact is in dispute or (2) objecting to the evidence that the movant cites in support of the specific fact by asserting either that the relied-on evidence is inadmissible and/or that the cited materials do not establish the specific fact. Fed. R. Civ. P. 56(c)(1). In counting a particular (purported) fact as genuinely disputed, the Court concluded that the fact was disputed in one of the two specific ways contemplated by Fed. R. Civ. P. 56(c)(1).

(Doc. No. 16 at 2). So the parties have been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. And yet the parties nevertheless have failed to follow this Court's guidance in *McLemore*—namely by filing Statements of Fact that are not concise as required by 2020 Local Rule 56.01(b) and otherwise including such a plethora of (purportedly) material facts in their Statements of Fact as to make clear to the Court that the parties are unlikely (statistically) to succeed in showing that each of these facts is in fact not in genuine dispute and adequately supported, due to the sheer number of facts that that the parties have included in their respective Statements of Fact.[8] The failure of the parties to adhere to *McLemore*, despite this Court's order, provides further support for this Court's decision to deny the Motions.

## II. The Court's Discretion to Deny the Motion

Even assuming that (1) the Statements of Fact were concise so as to be in compliance with 2020 Local Rule 56.01(b), (2) the parties had demonstrated that all of the (purportedly) material facts in their Statements of Fact were not in genuine dispute, and (3) that one or the other of the parties had otherwise met their burden as summary judgment movants, the Court still would have the discretion to do what it has explicitly decided to do here: deny the Motions and manage the case by deciding to deal with all contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary to dispose of the Motions. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc.*, No. 2:06-CV-00275, 2009 WL 10679648, at *1–2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of

---

[8] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Plaintiff could go 92 for 92—or that Defendants could go 0 for 92—on Plaintiff's factual assertions and/or that Defendants could go 52 for 52—or that Plaintiff could go 0 for 52—on Defendants' factual assertions. But as a matter of mathematical probability, it seems implausible.

this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . . " (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.,* 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 662 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)). As a district court in this circuit has noted:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). And with respect to the instant Motions, given some of the motion-specific observations made above, the Court discerns that resolving the Motions (with the attention they deserve) on the merits might well require more judicial resources than for this case to go to trial.[9] And, of course, if the

---

[9] The Court says this for several reasons. First, the parties here have estimated that the trial would take 3 days. (Doc. No. 12 at 8; Doc. No. 15 at 8). This is not especially short for a trial, but it is not particularly long, either. Second, the trial—if the case proceeds to trial—will be a bench trial rather than a jury trial. (Doc. No. 15 at 8). This is notable because by denying the Motions, the Court is merely delaying *its* consideration of the arguments therein until a more fulsome factual record is developed at trial, at which point the undersigned will make the ultimate determination as the finder of fact. *Cf Robertson v. United States Dep't of Agric. Forest Serv.*, No. 3:23-CV-533-DPJ-ASH, 2025 U.S. Dist. LEXIS 205924, at *5 (S.D. Miss. Oct. 20, 2025) (denying cross motions for summary judgment finding that the "'better course' . . . is to proceed to bench trial" (citing *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994))); *see also Stevens v. Walthall*, No. CIV 98-0396 BB/LCS, 1999 WL 35809508, at *1 (D.N.M. June 23, 1999) (denying, in its

Motions were to be decided and *denied* in whole or even in part, which (as discussed above in a footnote) is certainly possible, then the resources spent on resolving the Motions could be entirely in addition, rather than alternative, to the resources spent on a trial.[10]

Moreover, as shown by the cases cited above, the Court is well within its discretion to deny the Motions on these grounds. *See also Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case will benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019) ("[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has

---

discretion, the motion for summary judgment, with one consideration being that "the trial in [the] case w[ould] be a bench trial, rather than a jury trial"); *Ward v. Reliance Standard Life Ins. Co.*, No. CV SAG-23-2147, 2024 WL 3206709, at *6 (D. Md. June 21, 2024) ("[W]ere this Court to deny summary judgment because of the existence of factual disputes, the case would presumably be submitted for disposition in a Rule 52 bench trial. This Court sees no reason to rule twice."). Third, from a review of the Motions and relevant filings, the Court finds that if the Court were to rule on the Motions, it would be unlikely that all claims would be disposed of one way or another resulting in a trial nonetheless. Finally, the Court knows from experience what kinds of resources and (perhaps surprisingly) the very large amounts of resources it needs to and does devote to cross motions for summary judgment. As it relates to these Motions specifically, the Court emphasizes that it would have to dedicate substantial resources to ruling on the Motions given that the parties have together filed over 800 pages of submissions related to these Motions and that there are over 40 alleged disputes submitted by the parties related to alleged material factual assertions.

[10] The Court appreciates that if this case were set to proceed to a *jury* trial (and did in fact proceed to a jury trial), and *if* the motions for summary judgment *had* been granted in full, then that would have saved (potential) jurors time and effort that they would have to expend deciding the case after the denial of the motion for summary judgment. However, because—as discussed in the footnote above—the case is set to proceed (if necessary) to a *bench* trial as opposed to a jury trial (Doc. No. 15 at 8), the aforementioned consideration has no relevance to the decision of whether to reach the merits of the Motions in this case or, instead, deny the Motions for the reasons set forth herein. Moreover, as discussed in that same footnote above, the Court cannot say that if the Court were to rule on the Motions, it would be likely that all claims would be disposed of one way or another as would be necessary to avoid a trial.

doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

The Court notes that the parties' efforts expended in briefing the Motions ultimately should prove not to have gone completely to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties.[11]

CONCLUSION

For the reasons indicated herein, the Court **DENIES** both Plaintiff's Motion for summary judgment (Doc. No. 20) and Defendants' Motion for summary judgment (Doc. No. 23).

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[11] One final observation is worth stating. One might protest that the length of, and depth of discussion in, the instant Memorandum Opinion and Order is inconsistent with the Court's asserted need to preserve judicial resources. To that, the Court would respond that for multiple reasons (including the Court's considerable experience in undertaking these kinds of discussions), preparation of the instant Memorandum Opinion and Order actually involved substantially less of a time investment than the content of the Memorandum Opinion and Order might indicate.